ORIGINAL

FILED
APR 10 2006
U.S. COURT OF FEDERAL CLAIMS

ECF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Hotels.com, Inc. and Subsidiaries (f/k/a Hotel Reservations Network, Inc.)

Plaintiffs,

v.

The United States of America,

Defendant.

No. 06-285 T

## COMPLAINT

Plaintiffs, Hotels.com, Inc. and Subsidiaries ("Hotels.com") bring this action and allege:

1. This is an action arising under the internal revenue laws of the United States for the recovery of income taxes, penalties and interest paid, together with interest provided by law, for the taxable period beginning March 1, 2000 through December 31, 2000 (the "Taxable Period").
2. Jurisdiction exists under 28 U.S.C. § 1491 and 26 U.S.C. § 7422(a).
3. Hotels.com is the successor in interest to Hotel Reservations Network, Inc. ("HRN, Inc."). For the Taxable Period, HRN, Inc. was the common parent of an affiliated group of corporations which filed consolidated income tax returns.
4. The defendant is the United States of America.

**2000 Income Tax Return and the Stock Valuation**

5. Pursuant to an Asset Purchase Agreement dated as of April 13, 1999, HRN, Inc. acquired substantially all of the assets and liabilities of TMF, Inc. and HRN Marketing Corp. (the "Asset Purchase Agreement"). Prior to the acquisition, David S. and Malia A. Litman (including trusts as to which the Litmans were treated as grantors under I.R.C. §§ 671-678) and Robert B. and Michelle S. Diener (including trusts as to which the Dieners were treated as grantors under I.R.C. §§ 671-678) owned TMF, Inc. and HRN Marketing Corp. The Litmans and Dieners and various grantor trusts also owned all of the beneficial interests of

the TMF Liquidating Trust. All of the owners of TMF, Inc., HRN Marketing Corp., and the TMF Liquidating Trust are referred to herein collectively as the "Sellers."

6. The Asset Purchase Agreement provided the Sellers with certain earn-out rights.
7. The Asset Purchase Agreement was amended and restated as of February 2, 2000 (the "Amendment"). As part of the Amendment, the Sellers exchanged certain earn-out rights provided for in the Asset Purchase Agreement for the right to receive stock of HRN, Inc.
8. On February 25, 2000, HRN, Inc. underwent an initial public offering (an "IPO"). The IPO price of the HRN, Inc. common stock was $16 per share.
9. Contemporaneous with the February 2000 IPO, HRN, Inc. paid to the Sellers 9,999,900 shares of HRN, Inc. common stock pursuant to the Amendment (the "IPO Shares").
10. At the time of the IPO, Messrs. Litman and Diener were the Chief Executive Officer and President of HRN, Inc., respectively.
11. HRN, Inc. timely filed a consolidated income tax return for the Taxable Period with the Internal Revenue Service (the "Service"). A copy of that return is attached hereto as Exhibit 1. Included with that return, HRN, Inc. filed IRS Form 8594 Asset Acquisition Statement, as the buyer of certain assets.
12. On its 2000 income tax return, Hotels.com claimed an adjusted basis in the stock issued to the Sellers of $159,998,400 (based on the $16 per share value), and an amortization deduction pursuant to I.R.C. section 197 based on that valuation.
13. The HRN, Inc. Form 8594 contained the following description of the IPO Shares issued to the Sellers:

> 1. $78,398,400 in additional common stock issued to the Sellers when HRN, Inc. entered into an IPO at the end of February 2000.
>
> 2. $81,600,000 in additional common stock issued to predecessor business for release of contingent payment obligations based on performance at the end of February 2000.

14. The IPO Shares were valued according to the February 2000 IPO price of $16

per share for purposes of the Form 8594.

**The Sellers' Stock Valuation and Dispute with the IRS**

15. On their respective 2000 federal income tax returns, the Sellers claimed the value of the IPO Shares to be $4.53 per share, or $45,437,822 in the aggregate.

16. The Service issued Sellers Notices of Deficiency related, *inter alia*, to their valuation of the IPO Shares. Copies of these Notices are attached as Exhibits 2 and 3. The Notices asserted that Sellers each had $79,999,200 in capital gain related to the IPO Shares, or $159,998,400 in the aggregate. This value is based on a $16 per share valuation. The Notices also included, *inter alia*, accuracy-related penalties under IRC § 6662(a) of 20% of the tax underpayment.

17. In determining the value of the Sellers' IPO Shares in the Notices of Deficiency, the Service used a $16 per share valuation.

18. In 2000, the Sellers assigned 244,995 of the IPO Shares to Andrew Pells.

19. In 2005, the Sellers filed refund actions in the Court of Federal Claims: Litman et al. v. United States, No. 05-cv-956 (filed August 30, 2005) and Diener et al. v. United States, No. 05-cv-971 (filed September 7, 2005). The suits were consolidated on November 22, 2005 as Litman et al. v. United States of America, No. 05-cv-956 (Ct. Fed. Cl.).

20. In Litman et al. v. United States, the government disagreed with the Sellers' valuation of the IPO stock: "The United States does not agree that the fair market value of the stock is less than $16 per share and it is entitled to discovery and the services of an expert to help the Court resolve the issue." See United States' Motion to Strike Plaintiffs' Motion for Summary Judgment at ¶ 8, filed Nov. 29, 2005.

21. The Service's position in the Notices of Deficiency issued to the Sellers and the government's position regarding the valuation of the IPO Shares in Litman et al. v. United States are consistent with the valuation used by Hotels.com on its 2000 consolidated federal income tax return.

22. In HRN, Inc.'s Form 10-Q for the quarter ended March 31, 2000, HRN, Inc. valued the

9,999,900 IPO Shares issued to Sellers at $159 million, or $16 per share:

> On May 10, 1999 the Company completed its acquisition of substantially all of the assets and assumption of substantially all of the liabilities of TMF, Inc. and HRN Marketing Corp., which operated the Hotel Reservations Network service. The total purchase price paid to date is $359.9 million, which is comprised primarily of… $78.4 million related to 4,899,900 shares of class A common stock issued to the sellers of the predecessor business which represented 10% of the aggregate value of the Company immediately prior to the initial public offering in accordance with the asset purchase agreement; and $81.6 million related to 5,100,000 shares of common stock issued to the sellers at the time of the public offering.

This SEC filing was signed by David Litman, then Chief Executive Officer of Hotel Reservations Network, Inc. and Subsidiaries.

23. Language virtually identical to that set forth in paragraph 21 was contained in HRN, Inc.'s 2000 Annual Report:

> On May 10, 1999, the Company acquired substantially all of the assets and assumed substantially all of the liabilities of TMF, Inc. and HRN Marketing Corp., which operated the Hotel Reservations Network service. The total purchase price paid through December 31, 2000 is $406 million, which is comprised primarily of… $78.4 million related to 4,899,900 shares of class A common stock issued to the sellers of the predecessor business which represented 10% of the aggregate value of the Company immediately prior to the initial public offering in accordance with the asset purchase agreement… and $81.6 million related to 5,100,000 shares of class A common stock issued to the sellers at the time of the public offering.

Messrs. Litman and Diener signed the 2000 Annual Report as Chief Executive Officer and President of HRN, Inc., respectively.

24. On April 24, 2002 HRN, Inc. became Hotels.com through a short form merger and changed its name to Hotels.com.

**Hotels.com's 2006 Notice of Deficiency, the Refund Claim and Claim Disallowance**

25. On February 10, 2006, the Service issued Hotels.com a Notice of Deficiency for the taxable period March 1, 2000 through December 31, 2000. The Service asserted that Hotels.com owed an additional $2,776,456 in tax and $491,338 in penalties. A copy of the Notice of Deficiency issued to Hotels.com is attached hereto as Exhibit 4.

26. The Notice of Deficiency contained the following "Explanation of Adjustments:"

> The value of goodwill attributable to the issuance of restricted stock has been decreased to reflect the value of the restricted stock issued for the purchase of TMF, Inc. and HRN Marketing Corporation, and amortization for the goodwill has been reduced accordingly. In addition to the above goodwill, the amortization of goodwill for an asset that was incorrectly computed due to an error of placed-in-service date, and the amortization of goodwill for an asset omitted from the return have been allowed.

No support for this lower valuation is described in the Notice. The Notice also included, *inter alia*, an accuracy-related penalty under IRC § 6662(a) of 20% of the tax underpayment.

27. On March 9, 2006, Hotels.com paid $2,776,456 in tax, a penalty of $ 491,338, and $1,054,991 of interest. Copies of the "Received with Remittance" stamped transmittal letter and payment check are attached as Exhibit 5.

28. On March 16, 2006, Hotels.com filed a refund claim for $2,776,456 in tax, $491,338 in penalty, and $1,054,991 in interest, and interest according to law. A copy of the refund claim is attached hereto as Exhibit 6.

29. On March 30, 2006, the Service issued Hotels.com a Certified Notice of Claim Disallowance related to its March 16, 2006 refund claim. A copy of the claim disallowance is attached hereto as Exhibit 7.

30. The Service's assertion of additional tax, penalties and interest relating to Hotels.com's valuation of the IPO Shares is erroneous. Hotels.com is entitled to a refund of tax, penalties and interest paid, and interest provided by law, in amounts consistent with Hotels.com's $16 per share valuation of the IPO Shares, and consistent with the Service's valuation of the IPO shares set forth in the Notices of Deficiency issued to the Sellers, and with the government's position in <u>Litman et al. v. United States</u>.

31. In the alternative, Hotels.com is entitled to a refund of tax, penalties and interest paid, and interest provided by law, in amounts consistent with such other evidence of the fair market value of the IPO Shares as of the date of issuance, which value may be greater than or less

than the basis used in connection with the original 2000 Federal Income Tax Return or herein.

**WHEREFORE,** Hotels.com demands judgment in its favor and against the United States:

(1) In the amount of $2,776,456 tax, $ 491,338 penalty, and $1,054,991 interest, or such other amount as may be legally refundable, plus interest as provided by law and

(2) For such other and further relief as this Court deems appropriate.

Dated: 4-10-06

Respectfully submitted,

By Kim Marie Boylan

KIM MARIE K. BOYLAN
Attorney of Record
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
(202) 637-2235
(202) 637-2201

Of Counsel:

MCGEE GRIGSBY
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
(202) 637-2256
(202) 637-2201

KARI M. LARSON
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
(202) 637-1018
(202) 637-2201