**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **HOTELS.COM, INC. AND SUBSIDIARIES (f/k/a HOTEL RESERVATIONS NETWORK, INC.** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **No. 06-285 T (Christine O. C. Miller)** |
| **THE UNITED STATES,** | ) | |
| **Defendant** | ) | |

**THE UNITED STATES' RESPONSE TO**
**PLAINTIFF'S MOTION TO CONSOLIDATE**

The United States supports consolidation of this case with the already consolidated cases *Litman et al v. United States* (No. 05-956) and *Deiner et al v. United States* (No. 05-971). All three cases concern the same issue: the fair market value of approximately 10 million shares of restricted stock of Hotel Reservations Network, Inc. (plaintiff's predecessor) that were issued to Mr. Deiner and Mr. Litman in February 2000. In a consolidated proceeding, this Court can determine a single value for this stock that will bind all parties, eliminating the whipsaw now confronting the United States that arises from the very different stock valuations plaintiff, Mr. Litman and Mr. Deiner claimed on their respective tax returns.

Because much of the same evidence and many of the same witnesses will be the subjects of discovery and presented at trial in all three cases, consolidation also will allow a more efficient

resolution of the cases. Separate proceedings would inevitably lead to duplication and an unnecessary burden on this Court, as well as the United States.

Mindful of this Court's order of March 20, 2006, the United States will cooperate with plaintiff in expediting discovery in this case in order to comply with the current schedule in *Litman et al*. and *Deiner et al.* Accordingly, the United States agrees that discovery may be conducted by all parties in the consolidated cases without delay and to the exchange by all parties (including the Litmans and Deiners) of Rule 26 disclosures within 14 days, or some other reasonable period. Although meeting the current schedule will require substantial effort, including the cooperation of several third-parties from whom discovery is being sought, the United States believes that, absent unforseen discovery problems or delays, the parties can meet the current schedule. [1]

---

[1] As the Court knows, the United States has not yet answered or otherwise responded to plaintiff's Complaint. By agreeing to commence discovery now, the United States does not intend to waive or concede any defenses it may have, and decide to assert, in response to plaintiff's Complaint.

Respectfully submitted,

s/ Cory A. Johnson
CORY A. JOHNSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/ Steven I. Frahm
Of Counsel

Dated: April 14, 2006