IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **Hotels.com, Inc. and Subsidiaries (f/k/a Hotel Reservations Network, Inc.)** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 06 - 285 T** |
| **The United States of America,** | ) | |
| **Defendant.** | ) | |

**THE LITMANS' AND THE DIENERS' OBJECTIONS TO HOTELS.COM'S MOTION FOR CONSOLIDATION**

Pursuant to the Court's Order signed on April 12, 2006, David S. Litman and Malia A. Litman (the "Litmans") and Robert B. Diener and Michelle S. Diener (the "Dieners") (collectively, the Plaintiffs in Case No. 05-CV-956 T) file this Response to the Motion for Consolidation filed by Hotels.com.

**A. Summary.**

The Litmans and the Dieners respectfully request the Court to deny the Motion for Consolidation filed by Hotels.com. Consolidation of these cases will not promote judicial economy. To the contrary, the effect on the Litmans' and the Dieners' burden of proof rights under I.R.C. § 7491, the existence of other factual and legal issues, and the added discovery burden and costs to the Litmans and the Dieners imposed by Hotels.com's presence in their tax refund case would far outweigh any perceived benefit from consolidating the cases.

**B. Procedural History.**

1. In October of 2004, the Internal Revenue Service ("IRS") issued notices of deficiency to the Litmans and the Dieners collectively assessing $25 million of tax and $5 million of accuracy related penalties under I.R.C. § 6662(a) based on a valuation position the

IRS knew was wrong. The IRS asserted that the value of the shares of stock received by the TMF Liquidating Trust in connection with the sale of its predecessor's assets to Hotel Reservations Network, Inc. ("HRN") were equal in value to the $16 per share initial public offering price of freely traded HRN shares, despite the fact that the shares received by the TMF Liquidating Trust were subject to onerous sale restrictions contractually imposed by Hotels.com and Securities and Exchange Commission Rule 144 (the "Restricted Shares"). The IRS also asserted that the Litmans and the Dieners failed to substantiate the employee expense deduction for Andy Pells, a key employee of TMF Liquidating Trust and its predecessor, TMF, Inc. The Litmans and the Dieners promptly paid both the tax and penalty asserted under protest, and filed claims for refund. After the IRS failed to rule on the claims for six months, the Litmans and the Dieners filed suit in this Court in August 2005, seeking a refund and have diligently been attempting to prosecute their refund case ever since.

2. According to Hotels.com's Complaint, it capitalized and amortized the purchase price of TMF, Inc.'s assets issued in exchange for the Restricted Shares based on the $16 per share initial public offering price of the Restricted Shares. On February 10, 2006, the IRS issued a Notice of Deficiency to Hotels.com (HRN's successor) (the "Hotels.com Notice of Deficiency"), asserting a deficiency and an accuracy related penalty under I.R.C. § 6662 based upon a valuation of the Restricted Shares substantially lower than the $16 per share valuation position taken by the IRS against the Litmans and the Dieners. It appears that the IRS valued the Restricted Shares at or near the $4.54 average price per share determined by Business Valuation Services, Inc. ("BVS"), the expert appraiser upon whom the Litmans and the Dieners relied in reporting the fair market value of the Restricted Shares. Thus, the IRS has taken contradictory valuation positions regarding the value of the Restricted Shares.

3. On April 10, 2006, Hotels.com filed a Complaint in this Court alleging that it properly claimed an adjusted basis in the Restricted Shares based upon a $16 per share value. Hotels.com takes this position despite the fact that the independent appraisal it obtained from the expert it selected, Deloitte & Touche, and provided to the IRS during its audit determined the average fair market value of the Restricted Shares to be approximately $10.19 per share. Unlike the Litmans and the Dieners, it appears that Hotels.com has ignored its own expert analysis in reporting the value of the Restricted Shares transferred.

4. As noted above, the TMF Liquidating Trust, the Litmans and the Dieners reported the fair market value of the Restricted Shares based upon the values determined in the BVS appraisal. The Litmans and the Dieners paid capital gains tax based upon the BVS determined value of the Restricted Shares, and the BVS value established the income tax basis for the Shares. During 2001-2004, all of the Restricted Shares were subsequently sold as the restrictions expired, and the Litmans and the Dieners recognized and paid capital gains taxes in later years based upon the difference in the price at which the shares were sold and their tax basis. Because the Restricted Shares were subsequently sold at a price higher than $16 per share, the tax issue for the Litmans and the Dieners is primarily a timing issue (which tax year should the gain be recognized) and a rate issue (the capital gains tax rate was lowered from 20% to 15% after year 2000). On the other hand, Hotels.com's capitalization and amortization issue is a permanent issue, as the amount to be capitalized is equal to the fair market value of the Restricted Shares transferred.

**C. Standard for Consolidation.**

5. Under Rule 42(a) of the Rules of the United States Court of Federal Claims (RCFC), the Court may order actions involving a common question of law or fact consolidated. "In determining whether consolidation is appropriate, the [C]ourt must weigh the

interest of judicial economy against the potential for delay, confusion and prejudice that may result from consolidation." *Manhattan Construction Company v. United States*, 66 Fed. Cl. 299 (2005). The Court may also limit the scope of the consolidation to specific issues and specific proceedings in the case such as trial and briefing. RCFC 42(a).

**D. Hotels.com's Case Should Not Be Consolidated With the Litmans' and the Dieners' Suit.**

6. The underpinning of Hotels.com's request to consolidate the cases is the erroneous assumption that an identical value for the Restricted Shares must be determined in each case. To the contrary, the fundamental question in each case is whether each plaintiff can carry the burden of proof to show that the respective plaintiff is entitled to a refund of taxes paid. *U.S. v. Janis*, 428 U.S. 433, 440, 96 S. Ct. 3021, 3025 (1976). There are many other issues in the case besides fair market value. There is no basis under I.R.C. § 1060 for the proposition asserted by Hotels.com that it, the Litmans, and the Dieners are required to use the same values for the Restricted Shares in determining the tax due. *See Hospital Corp. of America v. Comm'r*, 72 C.M. (CCH) 1581, 1594-95 (1996). Defendant asserts that inconsistent valuations of the Restricted Shares will result in a whipsaw problem for Defendant. Defendant, however, has caused this problem by issuing, almost 16 months apart, contradictory notices of deficiency to the Litmans and the Dieners (based in part on a $16 per share value) and to Hotels.com (apparently based, in part, on a $4.54 per share value or thereabouts) and assessing accuracy related penalties to both parties.

7. Consolidation of this case would not promote judicial economy. As demonstrated below, it would have a strong potential for prejudice and delay.

8. First, consolidation of these cases will deprive the Litmans and the Dieners of their right under I.R.C. § 7491 to have the burden of proof in this case shift to Defendant. Section 7491 provides as follows:

> (a) Burden shifts where taxpayer produces credible evidence.–
>
> (1) GENERAL RULE.–If, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue.
>
> (2) limitations.–
>
> (A) the taxpayer has complied with the requirements under this title to substantiate any item;
>
> (B) the taxpayer ***has maintained all records required under this title and has cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews***; and
>
> (C) in the case of a partnership, corporation, or trust, the taxpayer is described in section 7430(c)(4)(A)(ii).
>
> Subparagraph (C) shall not apply to any qualified revocable trust (as defined in section 645(b)(1)) with respect to liability for tax for any taxable year ending after the date of the decedent's death and before the applicable date (as defined in section 645(b)(2)).
>
> (3) COORDINATION.– Paragraph (1) shall not apply to any issue if any other provisions of this title provides for a specific burden of proof with respect to such issue.

I.R.C. § 7491 (emphasis added). The Litmans and the Dieners believe that there will be no material dispute that they have satisfied the prerequisite of § 7491, as the Examining Agent made only one request for information during their audit, which request was fully complied with. Thus, the Litmans and the Dieners will have the right to request the Court to shift the burden of proof to the Defendant on all factual determinations in this case, including the fair market value of the Restricted Shares. *See Okerlund v. United States*, 53 Fed. Cl. 341 (2002), *aff'd* 365 F.3d 1044 (Fed. Cir. 2004) (Court held that burden of proof shifted to Defendant under I.R.C.§ 7491 in case involving the determination of the fair market value of closely held stock). Defendant has, after nearly eight months of litigation, still not obtained an expert report on valuation.

Consolidation could allow Defendant to avoid taking any valuation position, as Defendant could simply choose to sit on the sidelines and let the taxpayers litigate the valuation issue. Consolidation of these cases will effectively deprive the Litmans and the Dieners of their statutory right to seek a shift of burden of proof to Defendant on any factual issues.

9. Second, the two cases involve different parties and different factual and legal issues. In addition to the value of the Restricted Shares, the Litmans' and the Dieners' case involves the question of whether compensation paid to Andrew Pells, a former employee, was reasonable and substantiated. The fair market value of the Restricted Shares has no bearing on this issue because under I.R.C. § 83, the Restricted Shares transferred to Mr. Pells were required to be valued at $16 per share despite the significant transfer restrictions. Additionally, the Litmans' and the Dieners' case involves the question of whether they are liable for accuracy related penalties under I.R.C. § 6662(a) and whether they had reasonable cause and acted in good faith in determining the reported value of the Restricted Shares under I.R.C. § 6664. The reasonable cause and good faith issues are unrelated to the valuation position taken by Hotels.com, and relate principally to whether the Litmans and the Dieners reasonably relied on the BVS and David Bohlman valuation reports in reporting the fair market value of the Restricted Shares. Finally, the Litmans and the Dieners have asserted statute of limitations defenses under I.R.C. § 6501(a). From the Hotels.com Notice of Deficiency, it appears the Hotels.com case involves goodwill issues unrelated to the value of the Restricted Shares and an accuracy related penalty issue. Each of these issues will require factual and legal determinations separate and apart from the determination of the fair market value of the Restricted Shares.

10. Third, consolidation of Hotels.com's case with the Litmans' and the Dieners' refund suit will subject the Litmans and the Dieners to more onerous "party" discovery

from Hotels.com than Hotels.com would otherwise be entitled to obtain from the Litmans and the Dieners in a separate case. *See*, *e.g.* RCFC 26, 30, 33, 34. Thus, consolidation of the cases will substantially increase the Litmans' and the Dieners' costs of prosecuting their refund suit.

11. Fourth, consolidation of the cases could violate the Litmans' and the Dieners' rights as taxpayers to confidentiality. *See* I.R.C. § 6103. While documents that ultimately find their way into the public record in this case are no longer confidential, Defendant has sought and obtained thousands of pages of discovery from the Litmans and the Dieners. Much of this information constitutes confidential "return information" under I.R.C. § 6103 (b)(2) to which Hotels.com has no right to inspect. This return information includes, for example, a number of years of Federal income tax returns and information regarding the sales of the Restricted Stock as the transfer restrictions lapsed. Any consolidation of these cases will exacerbate this potential disclosure issue, and may permit Hotels.com access to confidential information of the Litmans and the Dieners that it might otherwise not be entitled to.

12. Fifth, as the Court's March 20, 2006 Order in the Litmans' and the Dieners' case noted, if Hotels.com seeks to join this case, it must expect that the Court's Discovery Schedule shall remain in place and that "[a]ny consolidation will depend on Hotels.com's ability to meet the current schedule." Hotels.com indicated a superficial willingness to submit to the discovery schedule, but only so long as the other parties to the case were "cooperative and forthcoming in responding to Hotels.com's discovery." Hotels.com also requested what appears to be immediate Rule 26(a)(1)(B) disclosures of both information and documents. The Discovery Schedule contemplated that the discovery would occur at a reasonable pace, consistent with the deadlines established by the rules of procedure, with time to address any discovery disputes between the parties. While the Litmans and the Dieners have

timely responded to the numerous discovery requests issued to date by Defendant, the Litmans and the Dieners should not be required to respond to expedited discovery requests from Hotels.com, be concerned about raising proper discovery objections, or bear the costs associated with expedited discovery simply because Hotels.com seeks to join this case eight months after the case has been filed and with three and a half months left on the Discovery Schedule.

13. In addition, the Litmans and the Dieners have no control over how the Defendant will respond to Hotels.com's requests for discovery. While we cannot predict exactly how Defendant will respond to Hotels.com's discovery, it is fair to point out that to date there are a number of unresolved discovery issues with respect to Defendant's responses to the Litmans' and the Dieners' discovery requests which may require a motion to compel. Included among these items are a number of straightforward requests for admission. Defendant, for example, has failed to even acknowledge the date it received change of address forms from the Litmans and the Dieners, which has a direct impact on the statute of limitations issue. Since January, the Litmans and the Dieners have also been attempting to obtain the deposition of Susan Weiss, the Examining Agent who handled the audits of the Litmans, the Dieners, and Hotels.com to testify on a variety of issues relevant to the case. [1] While we are hopeful that these issues can be worked out among the parties without the need for motions to compel, the point is that the Litmans and the Dieners have no control over the nature of the discovery submitted by Hotels.com to the Defendant and how Defendant will respond to the requests.

[1] In January, 2006, counsel for the Litmans and the Dieners informally requested Susan Weiss's deposition. Defendant would not agree to produce her for a deposition, citing relevance as an objection. On March 10, 2006, the Litmans and the Dieners served a notice of the deposition of Susan Weiss. On April 4, 2006, counsel for Defendant orally notified counsel for the Litmans and the Dieners that Susan Weiss would not appear for deposition, again citing relevance as an objection. No motion to quash was filed. Counsel for Defendant has now agreed to produce Susan Weiss for deposition on May 17, 2006.

14. On April 11, 2006, counsel for the Litmans and the Dieners sent a letter to counsel for Hotels.com and Defendant noting our serious concern regarding the effect of the request for consolidation on the pending refund case. The letter stated that despite these concerns, the Litmans and the Dieners would agree not to oppose the *limited* consolidation of the issue concerning the fair market value of the Restricted Shares, contingent upon both Defendant and Hotels.com agreeing as follows:

- Susan Weiss will be produced for her currently noticed deposition at 9:00 a.m. on April 13, 2006.
- The Court's current scheduling order will remain in place and that your clients will not seek to extend either the expert report due dates, the rebuttal report due dates, or the discovery cutoff in this case.
- Your clients will not seek to obtain discovery from my clients on periods shorter than allowed under Claims Court Rules of Procedure (e.g., you will not seek to shorten the time for the production of documents or interrogatory answers, and the like).

*See* Exhibit A. Defendant's counsel responded by email the next day stating that Susan Weiss would not be produced for deposition, confirming the position that he had stated the week before to counsel. Counsel for Hotels.com did not respond to the letter until April 14, 2006, stating that the letter did not accurately characterize Hotels.com's position regarding the discovery deadlines, but that she could not in advance commit to not seeking an extension of the discovery deadlines. Hotels.com's response only heightens the concerns articulated above.

**E. Conclusion.**

For the foregoing reasons, the Litmans and the Dieners respectfully request the Court to deny Hotels.com's motion for consolidation. In the alternative, without prejudice to the foregoing, the Litmans and the Dieners request that if the Court grants consolidation, that it shall

be limited solely to the issue of the fair market value of the Hotels.com stock, and that this issue be tried separately from the remaining issues in the two cases.

Respectfully submitted,

BAKER BOTTS L.L.P.

Dated: April 14, 2006

By: s/ John W. Porter

John W. Porter
Attorney of Record

BAKER BOTTS, L.L.P.
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1597
(713) 229-1522 (FAX)

Stephanie Loomis-Price (Of Counsel)
J. Graham Kenney (Of Counsel)

ATTORNEYS FOR DAVID S. LITMAN, MALIA A. LITMAN, ROBERT B. DIENER, and MICHELLE S. DIENER

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was sent by Electronic Mail and FedEx, this 14th day of April, 2006, to:

Cory A. Johnson
Tax Division
United States Department of Justice
Judiciary Center Building
555 4th Street N.W.
Washington, DC 20530
(202) 307-3046
(202) 514-9440 (facsimile)
cory.a.johnson@usdoj.gov

Kim Marie K. Boylan
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
(202) 637-2235
(202) 637-2201 (facsimile)
kim.boylan@lw.com

s/ John W. Porter
John W. Porter