# EXHIBIT A

**BAKER BOTTS** LLP

ONE SHELL PLAZA
910 LOUISIANA
HOUSTON, TEXAS
77002-4995

TEL +1 713.229.1234
FAX +1 713.229.1522
www.bakerbotts.com

AUSTIN
DALLAS
DUBAI
HONG KONG
**HOUSTON**
LONDON
MOSCOW
NEW YORK
RIYADH
WASHINGTON

John W. Porter
713.229.1597
FAX 713.229.2797
john.porter@bakerbotts.com

April 11, 2006

VIA FACSIMILE

075560.0101
075559.0101

Mr. Cory A. Johnson
United States Department of Justice
Tax Division
555 4th Street N.W.
Judiciary Center Building
Washington, DC 20530

Ms. Kim Marie K. Boylan
Latham & Watkins LLP
555 Eleventh Street N.W., Suite 1000
Washington, DC 20004-1304

Re: *David S. and Malia A. Litman v. The United States*, Case No. 05-956T; and *Robert B. Diener and Michelle S. Diener v. The United States*, Case No. 05-971T; In the United States Court of Federal Claims

Dear Ms. Boylan and Mr. Johnson:

I have received and reviewed Hotels.com's Complaint and Motion for Consolidation. I have several observations and a proposal:

I have serious concerns about the effect that the requested consolidation would have with respect to discovery in this case because of taxpayer confidentiality issues under 26 U.S.C. § 6103 and Hotels.com's late entry into this case.

In addition, while the Motion for Consolidation suggests that Hotels.com will comply with all discovery deadlines set by the Court, there is also a specific indication that the Company will do this only if the Litmans and Dieners are not allowed the normal time to respond to discovery. We also know that parties from time to time disagree about the scope of discovery requests, and the original scheduling order built in time to deal with discovery disputes if they arose. Moreover, if Hotels.com's willingness to comply with the Court's deadlines is contingent upon the Litmans and Dieners having to respond to discovery requests faster than normally required, then Hotels.com is really not willing to comply with the Court's scheduling order. Thus, I am concerned that the requested consolidation will hinder, and not promote, an efficient resolution of this case.

I am also concerned that Hotels.com's attempt to intervene in this case is going to be used as an attempt to delay discovery and the final resolution of this case. My clients would like a prompt resolution of this case.

Accordingly, my clients will agree not to oppose to the limited consolidation of the issue concerning the fair market value of the Restricted Stock contingent upon both of your clients agreeing to the following:

(1) Susan Weiss will be produced for her currently noticed deposition at 9:00 a.m. on April 13, 2006.

(2) The Court's current scheduling order will remain in place and that your clients will not seek to extend either the expert report due dates, the rebuttal report due dates, or the discovery cutoff in this case.

(3) Your clients will not seek to obtain discovery from my clients on periods shorter than allowed under Claims Court Rules of Procedure (e.g., you will not seek to shorten the time for the production of documents or interrogatory answers, and the like).

For this proposal to be accepted, I obviously must have consent from both of your clients to these conditions.

Thank you for your attention in this matter. I look forward to hearing from you.

Very truly yours,

John W. Porter

JWP:4370
cc: Ms. Malia A. Litman
Mr. David S. Litman
Mr. Robert B. Diener
Ms. Michelle S. Diener