**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| Hotels.com, Inc. and Subsidiaries (f/k/a Hotel Reservations Network, Inc.)<br><br>Plaintiffs,<br><br>v.<br><br>The United States of America,<br><br>Defendant. | No. 06-285T<br>Judge Christine O. C. Miller |

**HOTELS.COM'S REPLY TO THE LITMANS' AND DIENERS' OBJECTIONS TO HOTELS.COM'S MOTION FOR CONSOLIDATION AND REQUEST FOR ORAL ARGUMENT**

The value assigned to identical shares of stock by the parties to the same transaction presents the quintessential case for consolidation pursuant to RCFC 42(a). Despite the Litmans' and the Dieners' ("Sellers") protestations, consolidation would avoid unnecessary burdens on all involved: the Court and the government could avoid duplicative trials on the identical issue, and the parties could avoid duplicative discovery, litigation and other related costs. Consolidation would also avoid inconsistent outcomes and promote a consistent system of taxation: all relevant facts would be considered in a single venue, and both sides of the transaction would be subject to the same legal and factual determinations and, therefore, bound by the same valuation.[1]

[1] Sellers' reliance on *Hospital Corp. of America v. Commissioner*, 72 T.C.M. (CCH) 1581 (1996) is misplaced. That case did not address whether the valuation of stock by the two sides to the transaction in which the stock was distributed had to be consistent. Indeed, *HCA* references the *Danielson* rule. In *Danielson v. Commissioner*, 378 F.2d 771 (3d Cir. 1967), the taxpayer was bound to the terms of the agreement for the sale of his business that allocated a specific portion of the sales price to a covenant not to compete. We do not answer whether the *Danielson* rule is or should be applicable here. However, we do note that in analyzing *Danielson*, the *HCA* court stated that one significant policy underlying the *Danielson* rule is "a concern for the administrative burdens and possible whipsaw problems that the Commissioner could face absent the rule." *HCA*, 72 T.C.M. at 1592, citing Danielson, 378 F.2d at 775. The United States in its response to Hotels.com's motion to consolidate has alleged that consolidation would permit the Court to "determine a single value for this stock that will bind all parties, eliminating the
(CONTINUED)

Plaintiffs, Hotels.com, Inc. and Subsidiaries ("Hotels.com") address below the points raised in Sellers' opposition to this motion.

**Discovery Obtained by the Government is not "Return Information" Subject to the Non-Disclosure Provisions of I.R.C. § 6103**

Sellers mistakenly claim that consolidation would violate their right to taxpayer confidentiality. While section 6103 of the Internal Revenue Code generally prohibits disclosure of "returns and return information" by the government, I.R.C. § 6103(h)(4)(c) excepts disclosure in judicial tax proceedings, so long as "such return or return information directly relates to a transactional relationship between a person who is party to a proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding." Moreover, discovery obtained from taxpayers during litigation is not within the definition of "return information" under I.R.C. § 6103(b)(2)—only information provided to or collected by the IRS is subject to I.R.C. § 6103.[2] As such, any information the government obtained through discovery is exempt from I.R.C. § 6103, and its disclosure subject only to the discovery rules of this Court.[3]

---

whipsaw now confronting the United States that arises from the very different stock valuations plaintiff, Mr. Litman and Mr. Deiner *[sic]* claimed on their respective tax returns." The United States' Response to Plaintiffs' Motion to Consolidate at 1.

[2] Return information is defined as "a taxpayer's identify, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, ***received by, recorded by, prepared by furnished to, or collected by the Secretary*** with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense…" I.R.C. § 6103(b)(2) (emphasis added).

[3] The parties are permitted discovery "regarding any matter, to the extent not privileged, that is relevant to the claim or defense of any party…." *See* RCFP 26 (b)(1). In this regard, we note Sellers' argument that the Pells issue counsels against consolidation. Hotels.com respectfully disagrees. Because that stock was a portion of the stock originally transferred to Sellers, Hotels.com believes the transfer to Pells and the facts related thereto are relevant to the instant case and argue for consolidation. In any event, to the extent Sellers are concerned that certain discovery may expose them to annoyance, embarrassment, oppression, or undue burden or expense, they may seek a protective order under RCFC 26(c).

**The Court is Capable of Determining If and When I.R.C. § 7491 Applies.**

Despite failing to allege the requisite facts entitling the burden to shift pursuant to I.R.C. § 7491,[4] Sellers now incorrectly claim that consolidation would deprive them of this benefit. Sellers claim that "there will be no material dispute that they have satisfied the prerequisite of I.R.C. § 7491," including that of substantiation, in outright contradiction of their contemporaneous claim, "The IRS also asserted that [Sellers] failed to substantiate the employee expense deduction…"[5] Where the Sellers' own factual assertions contradict their argument, their protestations should be given little weight. Furthermore, because this Court is clearly able to determine if and when the burden of proof should be shifted, and where the weight of the evidence lies, this argument does not counsel against consolidation under RCFC 42(a).

**Consolidation Promotes Efficiency, not Increased Costs**

Sellers claim that consolidation would result in additional costs due to an expedited discovery schedule and third-party discovery that would otherwise not take place. These arguments are specious. First, it is Sellers who have consistently pursued an expedited discovery schedule. Second, absent consolidation, the individuals and entities with discoverable facts would be subject to multiple depositions and document requests as a result of legitimate discovery separately conducted in both actions. For example, without consolidation Messers. Litman and Diener, and all other fact witnesses, would be subject to depositions and document

---

[4] I.R.C. §7491 provides that where a taxpayer produces credible evidence with respect to any factual issue, and so long as the taxpayer meets certain other requirements, including cooperation with the IRS, the burden of proof will shift to the government. The Senate Committee Report to P.L. 105-206 provides, "A necessary element of cooperating with the Secretary is that the taxpayer must exhaust his or her administrative remedies (***including any appeal rights provided by the IRS***)." S. REP. NO. 105-174 (emphasis added). Sellers fail to allege that they have satisfied this prerequisite.

[5] *See* The Litmans' and the Dieners' Objections to Hotels.com's Motion for Consolidation at ¶1.

requests in both cases, imposing all related costs twice: counsel fees, lost work, travel expenses, court reporting fees, and more. Any additional costs related to party discovery are negligible, as the absence of such discovery options would merely result in more detailed document requests and depositions pursuant to third-party subpoenas.

Not only would separate trials result in unnecessary expense and time, it also would prejudice both Hotels.com and the government. Hotels.com would not be permitted to participate directly in litigation that could practically, if not legally, have a substantial impact on its ability to prosecute its own case. The government would be prejudiced by having to conduct discovery, pretrial matters, and trial in two cases involving the identical issue with the possibility of inconsistent results.

**Consolidation is Appropriate Without Modification of the Current Discovery Schedule**

Following consolidation, Hotels.com fully intends to comply with the existing discovery schedule, absent any unforeseen circumstances.[6] To that end, the Early Meeting of Counsel and discussions regarding the Preliminary Joint Status Report in the instant case are underway. The parties have agreed that on consolidation, the existing discovery schedule will be adopted, with initial disclosures to be made on April 26, 2006.

That being said, Hotels.com continues to be perplexed by Sellers' desire for expedited proceedings on the underlying valuation issue. Sellers referenced their statute of limitations claims as another reason why consolidation would be inappropriate. If correct on this claim, Sellers' case obviously would be resolved and they would not be required to litigate the underlying valuation issue. Hotels.com would have no objection if Sellers were to choose to

---

[6] Hotels.com presumes that both the government and the Sellers will cooperate in discovery and not engage in motions battles in an effort to delay Hotels.com's discovery.

pursue this determinative issue and suspend discovery on the underling valuation issue pending the Court's decision, because such a schedule could clearly reduce the burden on all parties.

**Conclusion**

For the foregoing reasons, the suits at issue should be consolidated in whole. Hotels.com respectfully requests oral argument on this motion.

Dated: April 18, 2006

Respectfully submitted,

By s/ Kim Marie K. Boylan
KIM MARIE K. BOYLAN
Attorney of Record
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
(202) 637-2235
(202) 637-2201
Kim.Boylan@lw.com

Of Counsel:

MCGEE GRIGSBY
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
(202) 637-2256
(202) 637-2201
McGee.Grigsby@lw.com

KARI M. LARSON
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
(202) 637-1018
(202) 637-2201
Kari.Larson@lw.com