**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **HOTELS.COM, INC. AND SUBSIDIARIES (f/k/a HOTEL RESERVATIONS NETWORK, INC.** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **No. 06-285 T** |
| | ) | **(Christine O. C. Miller)** |
| **THE UNITED STATES,** | ) | |
| **Defendant** | ) | |

**THE UNITED STATES' REPLY BRIEF**
**IN SUPPORT OF CONSOLIDATION**

Despite the fact that this case and the cases already consolidated in *Litman et al. v. United States* are based on the identical issue, and will require presentation of the same evidence, the Litmans and Dieners have objected to the additional consolidation of this case with *Litman et al.* The Litmans and Dieners rely upon several erroneous statements of fact and law as support for their objection. To correct some of these misstatements, the United States submits this reply brief.

**I. CONSOLIDATION WILL NOT DEPRIVE THE LITMANS AND DIENERS OF ANY "RIGHTS" UNDER SECTION 7491**

The Litmans and Dieners' first objection to consolidation is that it would deprive them of their alleged "right," under 26 U.S.C. § 7491, to have the burden of proof shifted to the United States in their refund case. As support for this argument, they claim that the United States has

not yet obtained an expert stock valuation report and could, at a consolidated trial, "sit on the sidelines" and let Hotels.com, the Litmans and the Dieners litigate the valuation issue. (*See* Objection, p. 5 - 6.) (The Litmans and Dieners, on the one hand, and Hotels.com, on the other, have opposing interests with regard to the stock valuation.) This objection fails for two reasons.

First, contrary to the Litman and Dieners' claims, the United States has retained an expert, and, as it has consistently stated in pleadings and discovery responses, intends to disclose an expert valuation pursuant to the Court's current discovery schedule (by June 21), and present expert valuation testimony at trial. Second, even assuming that section 7491 might be applicable in this refund case (which the United States does not concede), consolidation should not affect the parties' respective burdens. Consolidation simply will allow this Court to decide the stock valuation issue with the benefit of the participation of Hotels.com (the issuer of the stock), and hear and decide the valuation issue once, based on a presentation of evidence by all the interested parties.

## II. INFORMATION OBTAINED THROUGH DISCOVERY IS NOT "RETURN INFORMATION" PROTECTED BY SECTION 6103

The Litmans and Dieners also object to consolidation based on a claim that the documents they have produced in discovery are "return information," and are, therefore, confidential pursuant to section 6103 of the Internal Revenue Code. 26 U.S.C. § 6103. Consolidation, and Hotels.com's access to the discovery material, they argue, would violate their rights to confidentiality. (*See* Objection, p. 7.) The Litmans and Dieners misunderstand section 6103.

The confidentiality protections of section 6103 for return information apply only to information and documents "received by, recorded by, prepared by, furnished to, or collected by the Secretary [*i.e.*, IRS]." *See* 26 U.S.C. § 6103(b)(2). Documents and information obtained from sources other than the IRS (such as from the taxpayer or others through the discovery process), even if identical to information also received or collected by the IRS, are not return information, and are not governed by section 6103. *See Jade Trading, LLC v. United States*, 65 Fed. Cl. 188, 192 - 195 (2005); *Shell Petroleum, Inc. v. United States*, 46 Fed. Cl. 719, 722 (2000); *Baskin v. United States*, 135 F.3d 338, 342 (5th Cir. 1998); *Ryan v. United States*, 74 F.3d 1161 (11th Cir. 1996); and *Stockwitz v. United States*, 831 F.2d 893 (9th Cir. 1987). *See also St. Regis Paper Company v. United States*, 368 U.S. 208, 218 - 219 (1961). Accordingly, the material produced by the Litmans and Dieners in discovery is not confidential under section 6103.

Moreover, with respect to any material that is return information (*i.e.*, obtained from the IRS), section 6103 provides for the disclosure of such information in judicial tax proceedings where (i) the taxpayer is a party; or (ii) the taxpayer is not a party, but the taxpayer's return information "directly relates to a transactional relationship" between the taxpayer and a party to the proceeding that affects an issue in the proceeding. 26 U.S.C. § 6103(h)(4)(A) and (C). Here, the Litmans and Dieners have not identified any "return information," and the United States is not aware of any "return information," relevant to the stock valuation issue in these cases, that is not also available from the Litmans, Dieners, Hotels.com or other third-parties in discovery, or

available pursuant to the exceptions noted above. Section 6103, therefore, is not an impediment to consolidation.[1]

**III. CONSOLIDATION SHOULD NOT BE DENIED BASED ON SPECULATION ABOUT FUTURE DISCOVERY PROBLEMS**

______The Litmans and Dieners also object to consolidation because, they speculate, unknown future discovery disputes or burdens might delay their case. Hotels.com and the United States, however, have indicated their willingness to consolidate this case with the Litman's and Diener's case under the current discovery schedule. After consolidation, this Court will be able to continue to supervise discovery and ensure compliance with that schedule, and the discovery rules. Discovery in this case is straightforward, and the potential for discovery disputes resulting from the addition of Hotels.com to the already consolidated cases appears low. If, for some currently unforeseen reason, one of these cases is substantially delayed, the Court can, at that time, consider severing the cases and holding separate trials. *See* RCFC 42. Speculation about possible future discovery disputes and burdens, however, does not justify not consolidating these cases now and immediately taking advantage of the benefits of consolidation.

**IV. THE UNITED STATES IS ENTITLED TO SEEK A RESOLUTION OF THE WHIPSAW SITUATION CREATED BY THE LITMANS, DIENERS AND HOTELS.COM**

There is no dispute that the Litmans, Dieners and Hotels.com knowingly declared very different values for the restricted stock for tax purposes in 2000. The Litmans and Dieners declared a low value (of $4.54 per share) for purposes of paying capital gains taxes and

[1] Until they filed their objection to consolidation, the Litman and Dieners had never claimed that documents and information produced in discovery were protected by section 6103. Nor have they ever requested a protective order.

Hotels.com declared a high value (of $16 per share) for purposes of taking goodwill amortization deductions.[2] When faced with such a whipsaw situation, and the resulting tax gap, the United States is entitled to hold both parties responsible for the full tax deficiency, by, for example, issuing inconsistent deficiency notices, until it can finally be determined which party should pay the deficiency, or how the deficiency should be shared between them. *See, e.g.*, *Sherbo v. Commissioner*, 255 F.3d 650 (8th Cir. 2001); *Fayeghi v. Commissioner*, 211 F.3d 504 (9th Cir. 2000); and *Maggie Management Co. v. Commissioner*, 108 T.C.430 (U.S. Tax Ct. 1997). In a consolidated proceeding, this Court will now be able to finally determine a single value for the HRN restricted stock, binding on all parties, and determine the share of the total tax deficiency for which each is liable.

**Conclusion**

These cases are most efficiently, and consistently, resolved through consolidation. Consolidation will avoid the duplicative, and unnecessary, burdens that would be placed on this Court, the United States, the Litmans and Dieners, Hotels.com, and third-parties as a result of conducting two separate proceedings concerning the value of the same shares of stock. The United States, therefore, supports Hotels.com's motion to consolidate.

---

[2] Neither party to the transaction filed a completed IRS Form 8594 for the year 2000, which was required under section 1060 of the Internal Revenue Code. See, 26 U.S.C. §1060 and Treas. Reg. § 1.1060-1(e). Such forms would have disclosed the different valuations. The IRS discovered the valuation discrepancy through its own, independent efforts.

Respectfully submitted,

s/ Cory A. Johnson

CORY A. JOHNSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/ Steven I. Frahm
Of Counsel

Dated: April 19, 2006