IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **HOTELS.COM, INC. AND SUBSIDIARIES (f/k/a HOTEL RESERVATIONS NETWORK, INC.** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **No. 06-285 T** |
| **THE UNITED STATES,** | ) | **(Christine O. C. Miller)** |
| **Defendant** | ) | |

**ANSWER**

In answer to the Complaint, the United States denies each and every allegation that is not specifically admitted or otherwise addressed below.

1. The United States admits that plaintiff's suit arises under the internal revenue laws and seeks a refund of taxes, interest and penalties paid for the tax year ending December 31, 2000.

2. The United States admits that this Court has jurisdiction of this case under 28 U.S.C. § 1491.

3. The United States lacks knowledge or information sufficient to form a belief as to whether Hotels.com is the "successor in interest" to Hotel Reservations Network, Inc. ("HRN, Inc.") The United States admits that HRN, Inc. filed a consolidated return for the tax year ending December 31, 2000.

4. The United States admits that it is named as the defendant in this suit.

5 - 10. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 5 - 10.

11. The United States admits that HRN, Inc. timely filed its income tax return for the tax year ending December 31, 2000. The United States denies that the return attached to the Complaint is a copy of the return filed with the IRS by HRN, Inc. for the tax year ending December 31, 2000. Specifically, the IRS Form 8594 included with the return attached to the Complaint is not a true and correct copy of the IRS Form 8594 filed with the IRS by HRN, Inc.

12. The United States admits that the tax return filed by HRN Inc. includes an Amortization Schedule that lists $159,998,400 of goodwill placed in service as of February 15, 2000, and claims an amortization deduction pursuant to section 197 of the Internal Revenue Code based on this goodwill. The United States denies that HRN Inc.'s return describes or claims this goodwill as the adjusted basis of stock issued to Sellers, or as based on a $16 per share valuation for the stock.

13. The United States denies that the Form 8594 filed with the IRS contains the language set forth in paragraph 13. Specifically, it appears that information on the second page of the form filed with the IRS was completely obscured by "white-out." On this page of the form is a hand-written statement that "Information is being gathered. Will be supplied at a later date."

14. The United States denies the allegations of paragraph 14. No value for the shares is indicated on the Form 8594 filed with the IRS.

15. The United States denies that Mr. and Mrs. Litman and Mr. and Mrs. Diener disclosed in their respective tax returns that they valued stock of HRN, Inc., the receipt of which was taxable to them, at $4.53 per share, or $45,437,822 in the aggregate.

16. The United States admits that the IRS issued notices of deficiency to the Litmans and Dieners, and that copies are attached to the Complaint. The United States admits that the notices recalculated the Litmans' and Deiners' capital gains as $79,999,200 and $79,999,199, respectively, based on an assumed $16 per share value for the HRN, Inc. stock. The United States also admits that the notices of deficiency included accuracy-related penalties under 26 U.S.C. § 6662.

17. The United States denies that the IRS "determined the value" of the HRN, Inc. stock in the notices of deficiency issued to the Litmans and Dieners. The United States admits that the Litmans' and Dieners' capital gains were recalculated in the notices of deficiency based on an assumed $16 per share value for the HRN, Inc. stock.

18. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. The United States admits that the referenced cases were filed against the United States and were consolidated.

20. The United States admits that the quoted language is from its Motion to Strike Plaintiffs' Motion for Summary Judgment in *Litman et al. v. The United States*. The United States further states that, at that time, it did not agree that the stock was worth less than $16, exactly $16, or more than $16 per share. As the statement indicates, the United States was, and still is, conducting discovery, including obtaining the opinion of a valuation expert, in order to determine the value of the HRN, Inc. stock.

21. The United States denies the allegations in paragraph 21. The United States further states that the IRS protectively issued notices of deficiency to the Litmans, Dieners and

Hotels.com in an attempt to resolve the whipsaw situation created by their different valuations of the stock for tax purposes.

22. The United States admits that the excerpt set forth in paragraph 22 is, in substance, from HRN, Inc.'s Form 10-Q for the period ending March 31, 2000, but denies that the passage is quoted completely accurately. The United States also admits that the Form 10-Q was signed by Mr. Litman as Chief Executive Officer of HRN, Inc.

23. The United States admits that the excerpt set forth in paragraph 23 is from the 2000 annual report of HRN, Inc. and that Mr. Litman and Mr. Diener signed the report as Chief Executive Officer and President, respectively.

24. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. The United States admits the allegations of paragraph 25.

26. The United States admits that the quoted language is from the Notice of Deficiency and that the Notice included an accuracy-related penalty under 26 U.S.C. § 6662. The United States also admits that the Notice itself does not expressly set forth the reasons for the reduction of "the value of the restricted stock issued for the purchase of TMF, Inc. and HRN Marketing Corporation...."

27. The United States admits the allegations of paragraph 27.

28. The United States admits the allegations of paragraph 28.

29. The United States admits the allegations of paragraph 29.

30. The United States denies the allegations, and denies that plaintiff is entitled to the relief claimed, in paragraph 30.

31. Paragraph 31 does not set forth facts, but merely speculates as to facts and conclusions as to which no response is required. To the extent a response is required, the United States denies that plaintiff is entitled to the relief claimed in paragraph 31.

WHEREFORE, the United States denies that plaintiff is entitled to the relief requested and prays that this Court dismiss plaintiff's complaint with prejudice.

Respectfully submitted,

s/ Cory A. Johnson
CORY A. JOHNSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/ Steven I. Frahm
Of Counsel

Dated: April 26, 2006